*This opinion is subject to revision before final publication in the Pacific Reporter.*

**2016 UT 18**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

In the Matter of the Discipline of BRIAN W. STEFFENSEN,

UTAH STATE BAR,
*Appellee,*

*v.*

BRIAN W. STEFFENSEN,
*Appellant.*

No. 20140890
Filed April 19, 2016

On Appeal of Interlocutory Order

Third District, Salt Lake
The Honorable Todd M. Shaughnessy
No. 110917794

Attorneys:
Billy L. Walker, Adam C. Bevis, Salt Lake City, for appellee

Larry G. Reed, Salt Lake City, for appellant

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE HIMONAS, and JUSTICE PEARCE joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1    This is an interlocutory appeal in an attorney discipline case. Attorney Brian Steffensen stands charged with committing "criminal act[s]" reflecting adversely on his honesty, truthfulness,

and fitness to be a lawyer, in violation of rule 8.4(b) of the Utah Rules of Professional Conduct. The alleged "criminal act[s]" arise out of an investigation of the Utah State Tax Commission, which resulted in felony charges for failure to file a proper tax return, intent to evade, and unlawful dealing with property by a fiduciary.[1] Steffensen entered into a diversion agreement on these charges on March 1, 2010.

¶2   The Office of Professional Conduct (OPC) of the State Bar thereafter charged Steffensen with violating rule 8.4(b) by committing these tax-related offenses. In the district court proceedings on these charges, the court found that OPC had established a violation of rule 8.4(b) by a preponderance of the evidence. It also acknowledged, in response to Steffensen's argument that a violation of rule 8.4(b) could be established only upon proof beyond a reasonable doubt, that OPC had not proven Steffensen's criminal acts by that criminal standard of proof. Because the court concluded that the preponderance of the evidence standard applied, however, it held that OPC had carried its burden of establishing a violation of rule 8.4(b).

¶3   Steffensen challenges the propriety of the preponderance standard on this appeal. His argument is rooted in the Due Process Clause. Citing our past attorney discipline cases, Steffensen asserts that "an attorney is entitled to due process in disciplinary actions." *Long v. Ethics & Discipline Comm.*, 2011 UT 32, ¶ 29, 256 P.3d 206. He notes that "[t]he right to due process requires that an individual receive adequate notice of the charges" against him and "an opportunity to be heard in a meaningful way." *Id.* (citation omitted). And because we have said that "the level of due process required depends on the context of the proceeding," *id.*, Steffensen asks us to hold OPC to a higher

---

[1] Steffensen is also charged with "conduct involving dishonesty, fraud, deceit or misrepresentation" in violation of rule 8.4(c). UTAH R. PROF. CONDUCT 8.4(c). The rule 8.4(c) charge, however, arises out of acts distinct from the charge that Steffensen committed "criminal act[s]" in violation of rule 8.4(b). So that charge is not before us on this interlocutory appeal.

standard of proof—proof beyond a reasonable doubt—in a case involving a charge that an attorney committed a "criminal act."

¶4    In support of that view, Steffensen cites cases and other authorities suggesting generally that attorney discipline proceedings are quasi-criminal in nature. *See In re Ruffalo*, 390 U.S. 544, 550 (1968) (stating that "[d]isbarment, designed to protect the public, is a punishment or penalty imposed on the lawyer"); Geoffrey C. Hazard, Jr. & Cameron Beard, *A Lawyer's Privilege Against Self-Incrimination in Professional Disciplinary Proceedings*, 96 YALE L.J. 1060, 1060 (1987) (suggesting that "[i]n substance, contested disciplinary proceedings are quasi-criminal"). He also cites a handful of decisions in other jurisdictions adopting a higher standard of proof for establishing that an attorney committed a "criminal act" in violation of provisions like our rule 8.4(b). *See In re Egbune*, 971 P.2d 1065, 1072 (Colo. 1999) (applying a clear and convincing evidence standard); *In re Summer*, 105 P.3d 848, 852 (Or. 2005) (same). And he invites us to adopt a "beyond a reasonable doubt" standard for proof that he committed the criminal tax violations that were the subject of his earlier diversion agreement.

¶5    We affirm. The question presented finds a clear and explicit answer in our rules. The Utah Rules of Lawyer Discipline and Disability expressly prescribe the applicable standard of proof. Under rule 14-517, "[f]ormal complaints of misconduct, petitions for reinstatement and readmission, and petitions for transfer to and from disability status shall be established by a preponderance of the evidence." UTAH R. JUD. ADMIN. 14-517(b). That same rule also provides a higher standard of proof—a "clear and convincing" standard; but the higher standard applies only to "[m]otions for interim suspension pursuant to Rule 14-518." *Id.*

¶6    This is not a case that involves a motion for interim suspension under rule 14-518. So the applicable standard of proof under our rules is preponderance of the evidence.

¶7    That leaves the due process question. The constitutional promise of a meaningful opportunity to be heard is unquestionably available in attorney discipline proceedings. And the contours of due process are admittedly more flexible than

formulaic. *See In re Discipline of Sonnenreich*, 2004 UT 3, ¶ 37, 86 P.3d 712. But the Due Process Clause is not a free-wheeling constitutional license for courts to assure fairness on a case-by-case basis.[2] It is a constitutional standard—one measured by reference to "traditional notions of fair play and substantial justice." *See Clearone v. Revolabs*, 2016 UT 16, ¶ 8, __ P.3d ___ (citing *Int'l Shoe Co. v. Wash., Office of Unemployment Comp.*, 326 U.S. 310, 316 (1945)).[3] We retain discretionary license to assure fair procedure in the cases that proceed through our justice system. But our usual course for so doing is by promulgating rules of procedure.[4]

¶8 Our rules set the principal guideposts for the fair opportunity to be heard that is afforded to litigants in our judicial system. We may adjust those standards as we see the need to do so over time. But our principal means of doing so is by our established process for amendment.

¶9 Lawyers and litigants are free to seek an audience with one of our advisory committees if they wish to advocate for an amendment to our rules. Those committees consider such requests on a regular basis. And our process for striking the best procedural balance—for affording a fair opportunity to be heard

---

[2] *See Ownbey v. Morgan*, 256 U.S. 94, 110–11 (1921) ("The due process clause does not impose upon the states a duty to establish ideal systems for the administration of justice, with every modern improvement and with provision against every possible hardship that may befall.").

[3] *See also Hurtado v. California*, 110 U.S. 516, 528 (1884) (explaining that in order to determine whether due process is satisfied we "examine the constitution itself" and "look to those settled usages and modes of proceeding existing in the common and statute law").

[4] *But see Mathews v. Eldridge*, 424 U.S. 319, 347 (1976) (employing a balancing test to determine whether, in certain circumstances, procedural protections are required as a matter of due process).

without bogging down the system with *too much* procedure—is ongoing. We do not foreclose the possibility of adopting a higher standard of proof on a charge of a "criminal act" in a proposed amendment to our rules in the future.

¶10 But we see no basis for effectively amending our rules in the course of this adjudicative proceeding. Rule 14-517 speaks with straightforward clarity. It prescribes a preponderance standard for all "[f]ormal complaints of misconduct." And we see no room in the straightforward terms of the rule for the adoption of a higher standard of proof on a charge of "criminal act" under rule 8.4(b) of the Utah Rules of Professional Conduct.

¶11 Nor do we see a basis for overriding those clear terms on due process grounds. Steffensen makes no effort to tie his challenge to the preponderance standard to any traditional, established tenets of due process. He asserts only that the upsides of a higher standard of proof outweigh the downsides. Such a policy argument is a perfectly respectable basis for a request for a forward-looking amendment to our rules; but it falls far short as a ground for overriding the clear terms of an existing rule. Our rules set forth existing procedural standards. They are entitled to respect unless and until we amend them.

¶12 Steffensen may have a point that attorney discipline proceedings are different from standard civil proceedings. An attorney may have more at stake—the loss of a professional license, with an established career hanging in the balance—than a typical defendant in a regular civil proceeding. And for that reason we can see an arguable policy basis for adopting a higher standard of proof in attorney discipline cases. *See Egbune*, 971 P.2d at 1072; *Summer*, 105 P.3d at 852. But such cases are not criminal. *See In re Discipline of Babilis*, 951 P.2d 207, 214 (Utah 1997). They are civil. And the policy argument raised by Steffensen is an insufficient basis for overriding the preponderance standard set forth clearly on the face of our rules.

¶13 The cases cited by Steffensen are not to the contrary. A number of other jurisdictions have embraced a standard of proof higher than mere preponderance in attorney discipline proceedings. But they have generally done so by rule—by

adopting a rule that expressly requires proof by clear and convincing evidence.[5] We do not rule out that possibility in Utah. But we see no basis for overriding the preponderance standard set forth in our rule as it stands today.

¶14 At oral argument we explored an alternative basis for Steffensen's position in the current text of our Rules of Professional Conduct. We noted the possibility that rule 8.4(b)'s reference to proof that a lawyer "commit[ted] a criminal act" might implicitly incorporate the traditional standard of proof in a criminal proceeding. That would seem to be a stronger basis for Steffensen's position than the vague due process challenge he has raised. An attorney discipline proceeding, as noted, is not criminal. But if the basis for charging an attorney with an ethics violation is a claim that he "commit[ted] a criminal act," it could at least arguably be said that a court could not uphold such a claim without proof beyond a reasonable doubt.

¶15 Yet we nonetheless reject this reading of our rules. The tension between rule 14-517 and rule 8.4(b) is a contest between the explicit and the implicit. Rule 14-517 states a standard of proof explicitly. Rule 8.4(b) is at most implicit; at best, the reference to the *commission* of a *criminal act* can be seen as implicitly incorporating the standard of proof beyond a reasonable doubt. But the implicit cannot properly control the explicit.

¶16 Courts have long embraced the canon that the more specific of two competing statutory provisions controls a more general one. *Traynor v. Turnage*, 485 U.S. 535, 547–48 (1988) ("It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum.") (citation

---

[5] *See* ABA, MODEL RULES FOR LAWYER DISCIPLINARY ENFORCEMENT 18(3) (2002) ("Formal charges of misconduct, lesser misconduct, petitions for reinstatement and readmission, and petitions for transfer to and from disability inactive status shall be established by clear and convincing evidence."); GEORGIA R. PROF'L CONDUCT 4-221(e)(2) ("[T]he quantum of proof required of the State Bar of Georgia shall be clear and convincing evidence.").

omitted). That canon is not always easy to apply. Sometimes it seems question-begging—as in a case where one provision is more specific in one sense while the other is more specific in another. *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 159 (1976) (Stevens, J., dissenting) (rejecting the majority's use of this canon and asserting that "with equal logic we might describe either statute as creating an exception from the somewhat more general provisions of the other"). But no such problem is presented here. There is no question that rule 14-517 is more specific than rule 8.4(b) on the question of the applicable standard of proof. To the extent there is a conflict between an explicit statement in one provision and a mere implication from another, the explicit must control.

¶17 We accordingly reject Steffensen's challenge to the preponderance standard in rule 14-517. And we affirm the district court's determination that OPC carried its burden of proving that Steffensen violated rule 8.4(b) by establishing that he committed criminal acts by a preponderance of the evidence.

---