*This opinion is subject to revision before final publication in the Pacific Reporter*

**2021 UT 01**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

IN THE MATTER OF THE DISCIPLINE OF BRIAN W. STEFFENSEN

BRIAN W. STEFFENSEN,

*Appellant*,

*v.*

OFFICE OF PROFESSIONAL CONDUCT,
*Appellee*.

No. 20190146-SC
Heard October 13, 2020
Filed January 07, 2021

On Direct Appeal

Third District, Salt Lake
The Honorable Todd M. Shaughnessy
No. 110917794

Attorneys:

Brian W. Steffensen, Salt Lake City, for appellant (*pro se*)

Billy L. Walker, Adam C. Bevis, Salt Lake City, for appellee

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

JUSTICE HIMONAS, opinion of the Court:

### INTRODUCTION

¶1 The saga of the discipline of Brian W. Steffensen has continued for nearly a decade, now coming before this court for the third time. Though the matter has revealed numerous legal complexities over the years, it returns to us today primarily on the straightforward issue of the appropriateness of the district court's

order disbarring Steffensen. We agree with the district court's analysis and affirm the disbarment order.

¶2    We also affirm the district court's denial of Steffensen's motions regarding disqualification, prosecutorial misconduct, and for a continuance, finding no abuse of discretion.

## BACKGROUND

¶3    Brian Steffensen has been a licensed attorney in Utah since 1980. During his legal career, Steffensen incorporated a number of law firms and "repeatedly failed to maintain accounting practices that would keep his law firms viable." *In re Discipline of Steffensen*, 2018 UT 53, ¶ 3, 428 P.3d 1104. An investigation by the Utah State Tax Commission established that Steffensen had failed to properly file withholding tax returns, remit withholding taxes, and submit monies collected from his employees in payment of their income tax obligations. In 2009, Steffensen was criminally charged with Failing to Render a Proper Tax Return, Intent to Evade, and Unlawful Dealing of Property by a Fiduciary.[1]

¶4    In response to these charges, the Office of Professional Conduct ("OPC") filed a complaint against Steffensen for professional misconduct under rule 8.4 of the Utah Rules of Professional Conduct.

¶5    The OPC, of course, may, in an appropriate case, "bring a formal complaint charging an attorney with professional misconduct before the district court." *In re Discipline of Steffensen*, 2018 UT 53, ¶ 19 (citing SUP. CT. R. PROF'L PRAC. 14-511(a)). Rule 8.4 outlines professional misconduct, which includes "(b) commit[ting] a criminal act that reflects adversely on the lawyer's

---

[1] The Utah State Tax Commission's investigation established that Steffensen, in collecting his employees' income taxes, owed those employees a fiduciary duty and breached that duty by retaining the monies. In 2010, Steffensen entered into a diversion agreement with the State. The charges were reduced to an attempted crime pursuant to § 76-4-101 (the crime attempted being a violation of Utah Code § 76-801-1101(1)(c)(i), declaring guilty of a third degree felony any person who "knowingly and intentionally, and without a reasonable good faith basis, fails to make, render, sign or verify any [tax] return within the time required by law"). *See In re Discipline of Steffensen*, 2018 UT 53, ¶ 9. Steffensen then paid all taxes and penalties owed. *Id.*

honesty, trustworthiness or fitness as a lawyer" and "(c) engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." UTAH R. PROF'L CONDUCT 8.4(b), (c). Once misconduct under rule 8.4 is established, the case proceeds to a determination of the appropriate sanction. *See* SUP. CT. R. PROF'L PRAC. 14-511(f). Rule 14-605 provides the standards by which a court shall impose sanctions; subsection (a) provides the circumstances under which disbarment is "generally appropriate." Applicable to this case, rule 14-605(a)(3) allows disbarment when a lawyer "engages in . . . intentional misconduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law." Notably, the language of subsection (a)(3) is nearly identical to that of rule 8.4(c).

¶6    In its complaint, the OPC charged that Steffensen's "fail[ure] to make, render, sign, or verify any withholding tax return" in his fiduciary role was both a "criminal act that reflected adversely on his honesty, trustworthiness or fitness as a lawyer" under rule 8.4(b) and constituted "conduct involving dishonesty, fraud, deceit or misrepresentation" under rule 8.4(c).

¶7    In 2016, Steffensen filed before this court an interlocutory appeal in which we affirmed the district court's determination of the proper burden of proof. *See In re Discipline of Steffensen*, 2016 UT 18, ¶¶ 1, 17, 373 P.3d 186. The Third District Court then found the evidence provided by the OPC of Steffensen's misconduct sufficient to establish violations of rule 8.4(b) and (c) and thus entered an order to disbar Steffensen under rule 14-605(a)(1) and (a)(2) of the Supreme Court Rules of Professional Practice.

¶8    Steffensen appealed the decision to this court. On September 24, 2018, we affirmed the district court's findings of misconduct under rule 8.4(b) and (c) but remanded the case for a new determination of the appropriate sanctions, finding reliance on rule 14-605(a)(1) and (a)(2) inappropriate.[2] *See In re Discipline of*

---

[2] Rule 14-605(a)(1) specifically enumerates the 8.4 violations to which it applies; subsections (b) and (c) are absent from this list. *See In re Discipline of Steffensen*, 2018 UT 53, ¶ 47. Rule 14-605(a)(2) requires that "a necessary element of [the crime] includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation,

(continued . . .)

*Steffensen*, 2018 UT 53, ¶¶ 61–63. Having affirmed Steffensen's rule 8.4 violations, our mandate on remand expressly precluded the district court from reopening the proceedings to new evidence. *Id*. at ¶ 60.[3]

¶9 On December 20, 2018, the district court held a scheduling conference during which the remanded sanctions hearing was scheduled for February 7, 2019. Steffensen participated actively in this conference as an attorney of record along with his attorney, Larry Reed. During this meeting, Steffensen noted that, for financial reasons, he expected to "take the laboring oar on this [matter] and not rely so much on Mr. Reed." Despite this expectation, Steffensen agreed to the scheduling of the sanctions hearing on February 7. At no point in the conversation did Steffensen raise concerns about emotional difficulties regarding the case. Though under no obligation to do so, the district court then requested that each party submit proposed findings and "a short brief on the legal issues" by February 1, 2019. A week later, on December 27, Reed filed a motion for leave to withdraw as counsel. The district court granted the unopposed motion to withdraw on January 11, 2019. But the district court also ordered the February 7 date for the sanctions hearing remain in place.

¶10 On January 18, 2019, Steffensen sent a letter by email to the district court judge, stating that he had not yet received a notice to appear or appoint. Additionally, Steffensen expressed that he was struggling to find replacement counsel but did not feel he could represent himself *pro se* because of emotional complications he experienced in dealing with the case. On January 22, 2019, the judge's clerk responded to Steffensen's email and confirmed that the previously scheduled sanctions hearing date had not changed. Thereafter, Steffensen entered a limited appearance *pro se* on January 31, 2019, to file a motion under rule 63 of the Utah Rules of Civil Procedure to disqualify the district court judge. The motion to disqualify the district court judge was referred to the Associate Presiding Judge, who denied the motion

---

or theft," none of which were a necessary element of Steffensen's criminal acts. *See id.* at ¶ 54.

[3] The mandate rule limits the district court on remand to act only within the scope of the appellate court's order and enjoins deviation except in the most extreme circumstances. *See infra* ¶ 29.

for failure to demonstrate extrajudicial bias on February 6, 2019, the day before the scheduled sanctions hearing.

¶11 On February 1, before his motion to disqualify was denied, Steffensen filed a motion to vacate the deadline for filing post-remand memoranda (which were due that day) and the February 7 sanctions hearing. Though the district court did not directly respond to this motion, it entered a minute entry on February 6, following the Associate Presiding Judge's denial of the motion to disqualify, allowing Steffensen an extension.

¶12 Steffensen failed to respond to the February 6 minute entry, so the parties appeared for the originally-scheduled sanctions hearing on February 7, 2019. At the hearing, Steffensen stated that he had not seen the minute entry, which would have provided him with the additional time he had repeatedly requested. The hearing was then rescheduled for February 14, 2019, with Steffensen's approval.

¶13 On February 7, Steffensen filed a post-remand memorandum stating that the OPC's proposed findings and conclusions were inaccurate and unsupported. Specifically, the OPC's proposed findings and conclusions stated that Steffensen had "prepared and signed W2s for his employees" when, in fact, completed W2s do not include signatures. Deeming this inaccuracy to reflect unethical conduct by the OPC, Steffensen morphed the February 7 memorandum into a motion for relief for prosecutorial misconduct. This motion was filed on February 13, one day before the rescheduled sanctions hearing.

¶14 The sanctions hearing finally took place on February 14, 2019. Steffensen took the opportunity to address the arguments made in his recent motions, but he did not request more time to submit his own findings and conclusions, nor did he make any new objections during the hearing.

¶15 Ultimately, the district court declined to consider the OPC's proposed findings and conclusions and issued an independently-prepared ruling and order on February 19, 2019. The district court concluded that presumptive disbarment under rule 14-605(a)(3) was inappropriate for Steffensen's rule 8.4(b) violation but *was* appropriate for his rule 8.4(c) violation. According to the district court, Steffensen's breach of his fiduciary duties, failure to remit tax monies, and misrepresentation of his mishandling of those monies "seriously adversely reflect[ed] on [his] fitness to practice law." (Second alteration in original). Steffensen now appeals this decision. We have jurisdiction

pursuant to article VIII, section 4 of the Utah Constitution and Utah Code section 78A-3-102(3)(c).

## STANDARD OF REVIEW

¶16   The Utah Constitution squarely places the authority to "govern the practice of law, including . . . the conduct and discipline of persons admitted to practice law," within our sphere. UTAH CONST. art. VIII, § 4. As a result, professional discipline cases have taken on "a unique standard of review." *In re Discipline of Steffensen*, 2018 UT 53, ¶ 14, 428 P.3d 1104. This unique standard allows us to pay deference to the determinations made by the district court but requires that we "make an independent determination of the correctness of the discipline the district court imposed." *In re Discipline of Lundgren*, 2015 UT 58, ¶ 9, 355 P.3d 984 (citation omitted) (internal quotation marks omitted).

## ANALYSIS

¶17   The focal issue in this appeal is whether the district court imposed an appropriate sanction of disbarment upon Steffensen. The district court was required, on remand, to elaborate on and clarify "its findings of fact and conclusions of law in its order regarding Mr. Steffensen's sanctions for professional misconduct under rule 8.4(b) and (c)" of the Utah Rules of Professional Conduct. *In re Discipline of Steffensen*, 2018 UT 53, ¶ 60, 428 P.3d 1104. Importantly, we asked the district court to make this limited determination "[w]ithout reopening the proceedings." *Id*. In response, the district court determined that presumptive disbarment under rule 14-605(a)(3) of the Supreme Court Rules of Professional Practice was appropriate for Steffensen's rule 8.4(c) violation. We concur with the district court's determination and affirm.

¶18 Related to the sanctions question are Steffensen's appeals of the denial of his motions regarding disqualification, prosecutorial misconduct, and continuance. These motions do not violate the narrow mandate as they were filed in response to the district court's invitation for proposed findings and conclusions, a process that did not "reopen[] the proceedings." Accordingly, we address each of those issues too and affirm the district court's denial, finding no abuse of discretion.

¶19   Finally, Steffensen appeals the district court's denial of his "oral and written motions to stay these proceedings, reopen the evidence, and vacate prior orders." The district court denied these motions because they improperly sought to "reopen the

proceedings" and thus fell outside the scope of the narrow mandate. Again, we affirm, finding no abuse of discretion.

¶20 We begin with an analysis of the motions that do not go directly to the order of disbarment. Finding no abuse of discretion, we affirm the district court's disposition of these motions and then proceed to an analysis of the district court's substantive order of disbarment, which we also affirm.

## I.   STEFFENSEN'S TECHNICAL ARGUMENTS

¶21 Following our order of remand, the district court solicited proposed findings of fact and conclusions of law from each party to aid in the court's determination of the appropriate sanction. This is when the maxim that no good deed goes unpunished kicked in. The district court's apparent effort to "be fair [and] give all [parties] an opportunity to respond" with their own proposed findings and conclusions quickly "mushroomed," as the district court aptly noted, "into something that seems to be far beyond what the Supreme Court ever intended." Transcript of Sanctions Hearing, *Off. of Prof'l Conduct v. Steffensen*, No. 110917794 at 9:3-6 (Feb. 14, 2019). While the OPC timely submitted its proposed findings and conclusions, Steffensen took this as an opportunity to submit all manner of requests and motions but not his own findings and conclusions. Three of his motions are reviewable for abuse of discretion, given that they arose in response to the district court's invitation for each party's findings and conclusions and did not seek to reopen the proceedings; as such, they are not governed by our narrow mandate. The rest of Steffensen's motions, however, are beyond the scope of our mandate and are inappropriate for review on appeal.

*A. The District Court Did Not Abuse Its Discretion in Denying Steffensen's Motions regarding Disqualification, Prosecutorial Misconduct, and for a Continuance*

¶22 In response to the district court's December 20, 2018 invitation for proposed findings and conclusions, Steffensen raised three issues: (1) the motion to disqualify; (2) prosecutorial misconduct; and (3) request for a continuance. None of these issues are governed by the narrow mandate on remand; they are independent of the already-determined and binding issues on remand as they have arisen in response to the district court's request for findings and conclusions and do not seek to reopen the proceedings. Nevertheless, this court affirms the district court's treatment of these issues as they are inadequately briefed, constitute (at best) harmless error, or are otherwise properly decided.

¶23 In response to Steffensen's motion to disqualify, the district court judge referred the motion to the associate presiding judge for resolution. *See* UTAH R. CIV. P. 63(c). The associate presiding judge then denied Steffensen's motion to disqualify, finding that Steffensen failed to "demonstrate that the alleged bias stems from an extrajudicial source." Steffensen's appeal before this court does not seek to address whether the associate presiding judge abused his discretion in denying the motion to disqualify; rather, Steffensen seeks to rewrite rule 63 of our rules of civil procedure with a more favorable standard for disqualification. His argument exceeds the scope of rule 63 and is inadequately briefed to challenge the articulated standard of a rule of civil procedure.[4] We therefore affirm the denial of Steffensen's motion to disqualify, seeing no abuse of discretion.

¶24 The district court also properly denied Steffensen's motions alleging prosecutorial misconduct by the OPC. Steffensen developed his theory of prosecutorial misconduct based on the OPC's incorrect statement in its proposed findings and conclusions that Steffensen had signed the W2s at issue. These motions attempted to raise a matter that is not at issue in this disciplinary proceeding. Further, even if the matter were at issue, the denial of the motions was harmless error. In defining "harmless error," rule 61 of the Utah Rules of Civil Procedure provides that "[t]he court . . . must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *See also State v. Hamilton*, 827 P.2d 232, 240 (Utah 1992) (defining a harmless error as an error that is "sufficiently inconsequential that we conclude there is no reasonable likelihood that the error affected the outcome of the proceedings" (citation

---

[4] Steffensen provides no legal support for his argument that this court must amend the standard of disqualification in this setting from "actual bias" to "appearance of bias." His argument rests on policy concerns that the "actual bias" standard is "impossible to ever be met." But stronger policy considerations cut against Steffensen's argument: for example, lowering the standard for disqualification would create an incentive for litigants to misbehave in litigation and then seek to remove the judge based on her adverse rulings. Indeed, while we often flag interesting rule-based issues for review by our relevant committees, there is nothing in Steffensen's argument on this point that causes us to think this is a real issue. Accordingly, we decline to flag this issue for committee review.

omitted) (internal quotation marks omitted). Here, Steffensen's substantial rights have not been violated: the district court acknowledged the OPC's error, noted that it had been corrected in an amended proposed findings and conclusions, and stated that "neither [the district court]'s original findings nor the Supreme Court's opinion" say Steffensen had signed the W2s. The error amounted, essentially, to an "inconsequential" typo (later corrected) upon which no court had relied. As such, we find the district court did not abuse its discretion here.

¶25    Finally, we find that the district court did not abuse its discretion in denying Steffensen's request for more time to obtain counsel. Steffensen's request was neither adequately briefed nor properly submitted as a motion for continuance. Instead, Steffensen made his pitch by letter sent by email to the district court judge.[5] Because the request was not properly briefed and submitted, the OPC had no opportunity to respond. This alone is a sufficient basis to deny the request.

¶26    Even if we were to consider the merits, we would find that the district court did not abuse its discretion in denying his request. The district court has "substantial discretion in deciding whether to grant continuances . . . and [its] decision will not be overturned unless that discretion has been clearly abused." *Brown v. Glover,* 2000 UT 89, ¶ 43, 16 P.3d 540 (quoting *Christenson v. Jewkes,* 761 P.2d 1375, 1377 (Utah 1988)) (internal quotation marks omitted). Given this broad discretion in the district court, "we adhere to our standard level of deference and '[s]o long as there is some evidence, including reasonable inferences, from which findings . . . can reasonably be made, our inquiry stops.'" *In re Discipline of Steffensen*, 2018 UT 53, ¶ 29, 428 P.3d 1104 (alterations in original) (quoting *State v. Booker*, 709 P.2d 342, 345 (Utah 1985)).

---

[5] Rule 7(b) of the Utah Rules of Civil Procedure requires that "[a] request for an order must be made by motion." Rule 7(c) lays out the required elements of a motion, including that the motion be titled "substantially as: 'Motion [short phrase describing the relief requested].'" UTAH R. CIV. P. 7(c). Per rule 7(g), the moving party must file a request to submit the motion for decision (otherwise, it will not be considered by the court). *Id.* 7(g). Steffensen's letter, emailed directly to the district court's clerk rather than submitted by eFiling, did not adhere to any of these procedural rules.

¶27 Despite the district court's broad discretion and this court's deference to the findings of the court below, abuse of discretion is found "if [the district court's] decision is 'clearly unreasonable and arbitrary.'" *Clarke v. Clarke*, 2012 UT App 328, ¶ 19, 292 P.3d 76 (citation omitted). For example, courts have found abuse of discretion in the denial of a motion for continuance when a party "has made timely objections, given necessary notice, and has made a reasonable effort to have the . . . date changed for good cause." *Griffiths v. Hammon*, 560 P.2d 1375, 1376 (Utah 1977). Steffensen, however, has provided this court no reason to depart from our standard deference to the district court's discretion. He delayed objecting to the scheduling of the sanctions hearing and providing notice of his need for more time to obtain counsel, despite knowing for several weeks that Reed had filed a motion for leave to withdraw as counsel. Further, nothing in the record suggests that Steffensen had begun a search for new counsel upon the filing of Reed's motion to withdraw on December 27, 2018, which indicates that Steffensen's January 18, 2019 request for more time to obtain counsel was not made for good cause.[6] We also note that Steffensen was an attorney of record on this case prior to Reed's withdrawal.[7] *See, e.g., In re*

---

[6] The timeline of events following the withdrawal of Steffensen's attorney is important in understanding why the district court did not abuse its discretion in denying his request for continuance. First, Steffensen knew at least as early as December 27, 2018, of his attorney's intent to withdraw as counsel when Reed filed his Motion for Leave to Withdraw as Counsel. Though it was not until January 11, 2019, when the court granted Reed's motion, Steffensen had at least two weeks-notice prior to that date, time in which he could have begun seeking counsel. As mentioned above, Steffensen provides no proof that he had begun such a search in good faith. Instead, he waited until January 18 to informally request more time, a request the district court had no obligation to grant. *See, e.g., Layton City v. Longcrier*, 943 P.2d 655, 659 (Utah Ct. App. 1997).

[7] Steffensen engaged actively in his role as counsel of record as late as the December 20, 2018 scheduling conference. Notably, Steffensen admitted during that conference that he was anticipating "tak[ing] the laboring oar . . . and not rely[ing] so much on Reed for financial issues" even before Reed's withdrawal, which suggests to this court that Steffensen was prepared to continue representing himself *as early as December 20,*

(continued . . .)

*Discipline of Steffensen*, 2018 UT 53 (listing Steffensen as the attorney for himself); Transcript of Scheduling Conference, *Off. of Prof'l Conduct v. Steffensen*, No. 110917794 at 2 (Dec. 20, 2018). This fact further abets our conclusion that his efforts to delay the proceedings were not for good cause because he was already actively representing himself before Reed's withdrawal and thus cannot argue in good faith that he was ever without counsel.[8]

_____

*2018*, fifty-four days prior to the ultimate sanctions hearing. Indeed, Steffensen was proceeding "for oneself, on one's own behalf" as the Latin translation of *pro se* suggests, *Pro se, Cornell L. Sch. Legal Info. Inst.*, https://www.law.cornell.edu/wex/pro_se (last visited Dec. 4, 2020), but he cannot be said to have been "proceed[ing] without legal counsel," *id.*, when he actively represented his own interests and listed himself as counsel of record.

    [8] Steffensen attempts to buttress his argument for additional time to obtain counsel by noting his emotional incapacity on this disciplinary matter. On numerous occasions, Steffensen has cited extreme emotional difficulty in dealing with this case, suggesting he was unable to effectively represent himself *pro se*. This court does not doubt such an experience can take an emotional toll. However, Steffensen did not raise this concern with the district court in a timely or effective manner. First, Steffensen made no mention of emotional difficulties in representing himself during the December 20, 2018 scheduling conference. To the contrary, he participated in his own defense as counsel of record. And he said that he would be handling more of his defense for financial reasons. He first raised the issue with the district court in his January 18, 2019 letter, in which he likened his experience to "having a form of PTSD." Yet at this point, as the hearing date neared, he did not file a motion to continue. Instead, he turned his attention to disqualify the judge, which was unavailing. Six days before the hearing, when the parties' post-remand memoranda were due, Steffensen finally filed a motion to continue (and to vacate the memoranda due date). The court continued the hearing for a week. This may not have been everything Steffensen wanted, but it was far from an abuse of discretion, especially in light of the delayed manner in which Steffensen raised the issue. We also note that attorneys have the opportunity to claim inability to defend themselves in disciplinary proceedings, wherein the proceedings are deferred and the attorneys are retained on disability status. *See* SUP. CT. R. PROF'L PRAC. 14-523(b). We note that Steffensen has not

(continued . . .)

Thus, because Steffensen did not timely object, give necessary notice, or make reasonable efforts to postpone the sanctions hearing for good cause, we cannot find that the district court abused its discretion in denying his request for continuance.[9]

¶28 For these reasons, we hold the district court did not abuse its discretion in denying Steffensen's motions regarding disqualification, prosecutorial misconduct, and continuance.

*B. The Mandate Rule Precludes Adjudication of Steffensen's "Oral and Written Motions to Stay These Proceedings, Reopen the Evidence, and Vacate Prior Orders"*

¶29 In remanding cases to lower courts, appellate courts utilize a law-of-the-case doctrine known as the mandate rule, which "dictates that a prior decision of a district court becomes mandatory after an appeal and remand." *IHC Health Servs., Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 28, 196 P.3d 588. In other words, "a decision made on an issue during one stage of a case is binding in successive stages of the same litigation." *Id.* ¶ 26 (citation omitted) (internal quotation marks omitted). Notably for this case,

---

sought this opportunity, as he continues to represent clients in other matters.

[9] It is important to note that the OPC failed to defend the district court's decision to deny Steffensen's request for continuance in its briefing. The OPC painted with too broad a brush in arguing that *all* of Steffensen's motions and requests were "correctly denied . . . because of the mandate rule." As discussed above, *supra* ¶¶ 22-28, Steffensen's motion for continuance arose from the district court's request for findings and conclusions and did not seek to "reopen the proceedings," *Steffensen*, 2018 UT 53, ¶ 60, in violation of the mandate rule. The OPC does not advance an argument, independent of the mandate rule, supporting the denial of this motion, which places this court in a difficult position. However, the district court's findings are supported by the evidence, *see supra* ¶ 27, ¶ 27 n. 6-8, and our decision is ultimately guided by our deference to the district court. *See, e.g., In re Discipline of Reneer*, 2014 UT 18, ¶ 11, 325 P.3d 104 (explaining that in disciplinary proceedings this court must "presume that the [lower tribunal's] findings of fact are correct, although we may set those findings aside if they are not supported by the evidence" (alteration in original) (citation omitted) (internal quotation marks omitted)).

"[w]hen an appeals court vacates a judgment with narrowing instructions which direct the district court to consider certain issues, the district court does not have a mandate to reconsider other issues." *Wasatch Cnty. v. Okelberry*, 2015 UT App 192, ¶ 32, 357 P.3d 586 (alteration in original) (citation omitted) (internal quotation marks omitted). Further, issues decided by an appellate court "generally bind [the appellate] court should the case return on appeal after remand." *Id.* ¶ 30 (quoting *Gildea v. Guardian Title Co. of Utah*, 2001 UT 75, ¶ 9, 31 P.3d 543) (internal quotation marks omitted).

¶30   The remand ordered by this court in 2018 is no exception to the mandate rule. We ordered the district court solely to make a "new determination of the appropriate sanctions," *In re Discipline of Steffensen*, 2018 UT 53, ¶ 63, instructing the district court to "be detailed in [its] findings and to be clear in tying the sanction imposed to the professional misconduct found." *Id.* ¶ 60. We were specific in directing the court to reconsider its order "[w]ithout reopening the proceedings." *Id.*

¶31 Despite this narrow mandate, Steffensen made numerous "oral and written motions to stay these proceedings, reopen the evidence, and vacate prior orders." These motions were, at best, thinly-veiled efforts to reopen the case to new evidence despite this court's binding determinations of Steffensen's violations of rule 8.4(b) and (c). The district court found it had "no jurisdiction to entertain these requests" under its mandate on remand, an entirely correct conclusion.

## II.   DISBARMENT IS APPROPRIATE UNDER RULE 14-605(A)(3)

¶32 This court recognizes the severity of disbarment, understanding it to be "the harshest sanction available in the realm of attorney misconduct." *In re Discipline of Lundgren*, 2015 UT 58, ¶ 11, 335 P.3d 984. We do not impose—or, in this case, affirm—a sanction of disbarment without serious and thoughtful consideration. Our commitment to this approach is reflected in our 2018 order: after scrutinizing the case, we found that presumptive "disbarment [was] unwarranted under" rule 14-605(a)(1) and (a)(2) of the Supreme Court Rules of Professional Practice, *see supra* ¶ 8 n.2, and "implore[d] [the district court and] all state district courts to be detailed in their findings and to be clear in tying the sanction imposed to the professional misconduct found." *In re Discipline of Steffensen*, 2018 UT 53, ¶¶ 61, 60, 428 P.3d 1104.

¶33 We also recognize that we are tasked with "maintain[ing] the high standard of professional conduct required of those who undertake the discharge of professional responsibilities as lawyers." SUP. CT. R. PROF'L PRAC. 14-602(b). This duty allows us to impose disbarment in order to protect those seeking legal services from "the most egregious types of misconduct." *In re Discipline of Lundgren*, 2015 UT 58, ¶ 11. Such misconduct includes intentional misappropriation of client funds, *see id.*; *see also In re Discipline of Babilis*, 951 P.2d 207, 217 (Utah 1997), false swearing, *see In re Discipline of Tanner*, 960 P.2d 399, 401 (Utah 1998), and, as we find here, intentional failure to remit tax withholdings when acting as fiduciary for those funds.

¶34 In 2018, this court remanded this matter with a narrow mandate to provide "clarification of its findings of fact and conclusions of law in its order regarding Mr. Steffensen's sanctions for professional misconduct." *In re Discipline of Steffensen*, 2018 UT 53, ¶ 60. Specifically, we asked the district court to identify the correct standard under rule 14-605. *Id.* ¶ 62. This mandate was accompanied by our determination that "there was no clear error in concluding that Mr. Steffensen had violated rule 8.4(b) and (c) of the Utah Rules of Professional Conduct." *Id.* ¶ 61. Rule 8.4 provides that "[i]t is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer . . . [or] (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation." UTAH R. PROF. CONDUCT 8.4. In response, the district court explained that rule 14-605(a)(3) was the appropriate standard under which to impose presumptive disbarment for a violation of rule 8.4(c). Rule 14-605(a)(3) provides that disbarment is appropriate where a lawyer "engages in any . . . intentional misconduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law." SUP. CT. R. PROF'L PRAC. 14-605(a)(3).

¶35 The district court rejected the OPC's proposed conclusion that Steffensen's violation of rule 8.4(b) was criminal conduct warranting presumptive disbarment under rule 14-605(a)(1) or (a)(2), a decision bound by this court's determination in 2018. *See In re Discipline of Steffensen*, 2018 UT 53, ¶ 56. At most, the district court concluded, Steffensen's 8.4(b) violation "c[ould] be the basis for . . . suspension."

¶36 The district court's analysis of Steffensen's violation of rule 8.4(c) under the rule 14-605(a)(3) standard, however, is precisely what this court requested in 2018. The district court first

identified Steffensen's misconduct as his "represent[ation] to his employees that funds had been withheld from their paychecks and paid to the State of Utah to satisfy the employee's state tax obligations when no such payments were made." It was misconduct that "involved multiple instances over a period of many years." Further, Steffensen had remitted all of his employees' federal taxes, indicating to the district court that Steffensen was "fully aware of what was required." What appears to be the most determinative factor in the district court's analysis was Steffensen's fiduciary role in regards to his employees' tax withholdings:

> Importantly, the money at issue—funds owed to the State on behalf of his employees—was not the property of Mr. Steffensen or the firms he was operating. The money was owed to the State of Utah for an [sic] on behalf of his employees. Because Mr. Steffensen and his firms did not own these funds, and were required to pay them to the State, Mr. Steffensen was holding this money (or should have been holding it) in trust. He was acting as a fiduciary, or in a fiduciary-like capacity, with respect to those funds.

The district court recognized that the conduct amounting to Steffensen's 8.4(c) violation was not simply that Steffensen failed to remit tax monies but rather that, in doing so, he breached his fiduciary duty to his employees. It was this breach in particular that called for presumptive disbarment under rule 14-605(a)(3), which applies when a lawyer "engages in . . . intentional misconduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law." According to the district court:

> An attorney who holds funds as a fiduciary, or in a fiduciary-like capacity, and then intentionally and knowingly fails to pay those funds to the party to whom they are owed engages in conduct that . . . *seriously adversely reflects on the attorney's fitness to practice law* . . . . Such conduct seriously and fundamentally undermines the legal profession and its perception in the community. It causes the public to believe that lawyers hold themselves above the law and not subject to it. A failure to impose serious sanctions in response to this misconduct also erodes the public's trust and confidence in the Bar's self-regulation and its confidence in the courts.

(Emphasis added). As such, the district court determined that Steffensen's misconduct falls squarely under rule 14-605(a)(3). We find that the district court provided sufficient detail and was clear in tying Steffensen's misconduct to an appropriate sanction.

¶37 Though we do not take this matter lightly, we are completely satisfied with the clarification provided by the district court in response to our narrow mandate on remand. Although the district court previously erred in imposing presumptive disbarment under rule 14-605(a)(1) and (a)(2), it has convincingly demonstrated that disbarment is the appropriate sanction and may be properly imposed under subsection (a)(3) for Steffensen's violation of rule 8.4(c).[10] As such, we affirm.

## CONCLUSION

¶38 The Utah Rules of Professional Conduct exist to uphold the legitimacy of the legal profession in the public eye, and attorneys must abide by them. Violations of the rules suggest to the public "that lawyers hold themselves above the law and not subject to it." *In re Discipline of Steffensen*, No. 110917794 at 8 (Feb. 19, 2019). While attorneys are responsible for their own behavior, it is this court's obligation to enforce the rules, knowing that "[a]

---

[10] Steffensen, the OPC, and the district court have all noted tension in the interplay between rule 8.3(c) and rule 14-605(a)(3), which we now flag for review by our appellate rules advisory committee. Disbarment is the presumptive sanction under rule 14-605(a)(2) for crimes that have as a necessary element the "intentional interference with the administration of justice, false swearing, misrepresentation, fraud," etc., and under (a)(3) for "other intentional misconduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law." Yet suspension is the presumptive sanction under rule 14-605(b)(2) for "criminal conduct that does not contain the elements listed in Rule 14-605(a)(2) but nevertheless seriously adversely reflects on the lawyer's fitness to practice law." This seems odd, in that non-criminal conduct is seemingly treated more harshly than criminal conduct under rule 14-605: For non-criminal conduct, a finding that the conduct "seriously adversely reflects on the lawyer's fitness to practice law" triggers presumptive disbarment under (a)(3). Yet the same finding (absent a "necessary element") triggers only a presumptive sanction of suspension for criminal conduct under (b)(2).

failure to impose serious sanctions in response to . . . misconduct . . . erodes the public's trust and confidence" in the legal profession. *Id.* It is a duty that requires a careful balancing of interests of all affected parties. With this opinion, we bring to a close this decade-long adjudication of Steffensen's conduct, comfortable in having left no legal or factual stones unturned in reaching this ultimate resolution. We affirm the district court's order of disbarment.